IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH RASCON,

        Petitioner,

vs.                                             No. CV 17-01241 MV/CG

LEA COUNTY CORR. FAC. PRIVATE
PRISON, N.M. CORRECTIONS,
        Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court, *sua sponte*, under Rules 4 and 11 of the Rules Governing Section 2254 Cases, on the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Joseph Rascon. (Doc. 1). The Court will dismiss the Petition without prejudice for lack of jurisdiction.

In a previous § 2254 proceeding, *Joseph Rascon v. Tim LeMaster, et al.,* No. CV 01-00845 JP/KBM, Petitioner attacked the same 1998 state court criminal conviction in State of New Mexico cause no. D-202-CR-97-1611 that is the subject of this proceeding. (Doc. 1 at 1 and CV 01-00845 JP/KBM Doc. 1). After entry of final judgment in No. CV 01-00845, Rascon partially succeeded in a New Mexico State habeas corpus proceeding and was resentenced on September 8, 2015. (Doc. 1-3 at 18). The partial granting of his state habeas corpus petition vacated six counts against him, but left intact his underlying conviction and the sentence on the remaining counts. (Doc. 1 at 17; Doc. 1-3 at 17–19).

The grounds Rascon seeks to assert in his current § 2254 Petition arise out of the trial proceedings leading to his original 1998 conviction, rather than any issues relating to his 2015

resentencing. In his present § 2254 Petition, he raises the same claims of denial of Sixth Amendment right to counsel and Fifth Amendment rights, denial of a speedy trial, denial of due process rights relating to a motion to compel production of medical records, admission of a video deposition at trial, and ineffective assistance of counsel at the 1998 trial. *Compare* Doc. 1 at 5-21 with CV 01-00845, Docs. 1, 10, 21. *See, also, Duhart v. Carlson,* 469 F.2d 471, 473 10th Cir. 1972) (noting that the court may take judicial notice of its own records.)

Under 28 U.S.C. § 2244(b)(1), "a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." A claim that was not presented in a prior application must also be dismissed unless the applicant shows either (1) that the claim relies on a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court or (2) that the factual predicate for the claim was previously unavailable and would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Further, a second § 2255 motion challenging only the original, underlying conviction is still barred as a second or successive motion even if the second § 2254 motion is filed after imposition of an amended state court sentence. *See Suggs v. United States,* 705 F.3d 279 (7th Cir. 2013); *In re Lampton,* 667 F.3d 585 (5th Cir. 2012). A motion is still a second or successive motion where it challenges the underlying conviction, not the resentencing. *Suggs,* 705 F.3d at 284. The "second or successive" rule still applies where the state court's amended judgment vacated a conviction and sentence on some, but not all, offenses and the convictions and

sentences on the remaining offenses, as well as the judgment imposing them, was undisturbed. *In re Lampton,* 667 F.3d at 588–89.

Petitioner's claims attacking his 1998 conviction and sentence were raised in his prior § 2254 proceeding and must be dismissed. 28 U.S.C. § 2244(b)(1); *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997). Moreover, Petitioner Rascon does not rely on any new constitutional law that was previously unavailable and made retroactive on collateral review by the United States Supreme Court. *See* 28 U.S.C. § 2244(b)(2)(A); *Tyler v. Cain*, 533 U.S. 656 (2001). Nor does Petitioner argue or rely on a factual predicate (1) that could not have been discovered previously through the exercise of due diligence and (2) is sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(B). Instead he raises the same claims he raised on direct appeal and collateral review following the 1998 conviction. (Doc. 1-2 at 2–23, 27; Doc. 1-4 at 1–36). The grounds Petitioner relies on were available to him at the time he was sentenced and are insufficient to establish that any reasonable factfinder would have absolved Petitioner of guilt for the charged offenses. 28 U.S.C. § 2244(b)(2)(B); *United States v. Espinosa-Saenz,* 235 F.3d 501, 505 (10th Cir. 2000).

Further, before a second or successive petition is filed in the district court, the petitioner must move the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). When a second or successive § 2254 claim is filed in the district court without the required authorization from the court of appeals, the district court may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631 or may dismiss the petition for lack of jurisdiction. *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States,* 106 F.3d 339, 341 (10th Cir.

1997). The current Petition is Petitioner's second and is not accompanied by an authorizing order from the court of appeals. Under § 2244(b)(1), the Court lacks jurisdiction to proceed and must either dismiss Rascon's Petition or transfer this proceeding to the Tenth Circuit. Applying the *Cline* factors, the Court finds it is not in the interest of justice to transfer the proceeding.

Petitioner has filed his second or successive §2254 Petition without authorization from the Tenth Circuit Court of Appeals. 28 U.S.C. § 2241(b)(3). Petitioner also fails to establish any grounds that would permit him to proceed on a second or successive petition. 28 U.S.C. § 2244(b)(2). Although some counts were vacated, his Petition attacks the conviction and remaining sentence for the underlying offenses that were the subject of his prior § 2254 petition. *In re Lampton,* 667 F.3d at 588–89. The Court declines to transfer the Petition to the Tenth Circuit and will dismiss for lack of jurisdiction. *Coleman v. United States,* 106 F.3d at 341. Under Rule 11 of the Rules Governing Section 2254 Cases, because Petitioner has failed to make a substantial showing of denial of a constitutional right, the Court will also deny a certificate of appealability.

**IT IS ORDERED** that the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Joseph Rascon (Doc. 1) is **DISMISSED** without prejudice for lack of jurisdiction, a certificate of appealability is **DENIED**, and judgment will be entered.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE